## LYDIA PALMER v. NIXON PALMER.

**Reformation of Instruments—Authority of Court.**

A court of equity cannot, under the guise of reforming a written contract, reduce to writing one which the parties left to the recollection of a single witness, and which cannot be enforced because of the statute of frauds.

Marriage—Dower.

Where, in a marriage contract, it is not manifest that the wife was to relinquish any of her marital rights in the property of her intended husband, she is entitled to dower in the husband's land.

APPEAL FROM GARRARD CIRCUIT COURT.

June 24, 1873.

OPINION BY JUDGE LINDSAY:

The contract entered into between Nixon Palmer, deceased, and the appellant on the 19th day of October, 1869, shows upon its face that the latter had agreed to marry the former, and that in consideration of such marriage or contemplated marriage, he surrendered all claim to her estate and agreed that she should hold and own certain portions of his own. Although appellant signed the notes they show no agreement upon her part, unless it be the implied contract to celebrate the marriage. If the paper can be reformed so as to insert into it her agreement to accept the small estate secured to her, in the way of jointure, and we can imply therefrom a waiver of the right to claim dower and to insist on the distribution of the personalty, it must be because a court of equity has the power not only to change the written evidence of a contract, so as to make it conform to the intention of the parties, but to reduce to writing and to enforce a contract which, if it was ever made at all, the parties wholly failed to attempt to carry out. In this case there is nothing to start with except the signature of Mrs. Palmer. The writing evidences no intention upon her part to relinquish anything, nor to surrender any right, absolute or potential.

It may be that she orally agreed in consideration of the estate secured to her to relinquish certain rights which the law would give her upon her marriage, but this agreement was not reduced to writing, nor does the paper before us show that the parties attempted to reduce it to writing. It seems to us manifest that courts of equity can not under the guise of reforming a written contract, reduce to writing one which the parties were content to leave to the uncertain recollection of a single witness and in a shape which the statute of fraud precludes the courts from enforcing.

Nor does it matter that this omission resulted from the mistaken opinion of the draftsman of the marriage contract, that the relinquishment or surrender would be implied from appellant's ac-

ceptance of a benefit conferred or intended to be conferred on her. It is not to be disguised that courts of equity have in some instances exercised the questionable power of reforming written instruments so as to make them conform to what the parties or the draftsman, from a mistaken view of the law, supposed was sufficiently expressed, but in all such cases there was an instrument executed which upon its face purported to embody the contract that the court undertook to ascertain and to incorporate into the writing.   But in this case, as before stated, the paper we are asked to reform does not purport to evidence a contract or agreement by Mrs. Palmer to relinquish any of her marital rights in and to the place of her intended husband.

The court below erred in dismissing her petition.   She is entitled to dower in her husband's lands, excluding the one hundred acres to which he held legal title, but which the testimony satisfactorily shows he had many years before given to John M. Palmer, and whose right and title thereto he had always recognized from that time forward.

If it can be shown that John M. Palmer is the natural son of Nixon Palmer and who is referred to and made legitimate by the act of assembly on page 85 of the Acts of 1847 and 1848, Mrs. Palmer will be entitled to but one-third of the personal estate of her deceased husband, otherwise she will have one-half.

Judgment reversed and cause remanded for proceedings consistent with this opinion.

*Owsley, Burdette, for appellant.*

*Dunlap, Anderson, for appellee.*